UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DYLAN F. STANTON,<br><br>　　　Plaintiff,<br><br>v.<br><br>PALISADES COLLECTION, LLC, and<br>LEVY & ASSOCIATES, LLC,<br><br>　　　Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-03194<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DYLAN F. STANTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PALISADES COLLECTION, LLC ("Palisades") and LEVY & ASSOCIATES, LLC ("Levy") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and a substantial amount of the events that gave rise to this action occurred within the Southern District of Indiana.

1

## PARTIES

4. Plaintiff is a natural person and a consumer over-the-age of 18 residing in Marion County, Indiana, which is within the Southern District of Indiana.

5. Palisades is a third-party debt collector that uses the telephone and mail for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Indiana. Palisades is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 210 Sylvan Avenue, #1, Englewood Cliffs, New Jersey 07632.

6. Levy is a self-proclaimed "debt collector" and "debt collection/creditors' rights law firm offering a wide spectrum of services to meet the needs of its clients in the credit recovery cycle."[1] Levy is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 4645 Executive Drive, Columbus, Ohio 43220. Levy's registered agent in Indiana is C T Corporation System, located at 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

7. Palisades is Levy's principal. Consequently, Palisades is liable for Levy's actions as it exercises control over Palisades' conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://www.levylawllc.com/about-2/

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

10. In the spring of 2019, Plaintiff received correspondence via standard U.S. mail, from Levy, who was seeking to initiate garnishment proceedings against Plaintiff.

11. Levy's correspondence was mailed on behalf of Palisades, as Defendants' letters state that Palisades owns a judgment against Plaintiff, with a Levy attorney affirming the same under penalty of perjury.

12. Plaintiff was taken aback by Defendants' correspondence, as she had no knowledge of any judgment against her, let alone any knowledge of a creditor named Palisades.

13. Plaintiff even checked her credit report and found that no Palisades accounts were being reported.

14. Accordingly, on or about May 26, 2019, Plaintiff contacted Levy to inquire about the purported underlying debt giving rise to the judgment.

15. Levy notified Plaintiff that the underlying debt stemmed from an old credit card ("subject debt"); however, Plaintiff was unfamiliar with the subject debt, so she asked the Levy representative to send her verification of the same.

16. The Levy representative informed Plaintiff that she would send verification of the subject debt to Plaintiff, but that it would take up to 10 days for the correspondence to arrive.

17. Over a month went by and Plaintiff never received any proof of the subject debt from Levy.

18. As a result, in July 2019, Plaintiff reached out to Levy once again and informed it of the fact that she never received a validation notice, despite Levy's assurances.

19. During this conversation, the Levy representative advised Plaintiff to attend the garnishment hearing, scheduled for July 26, 2019, and inform the judge that she never received verification of the subject debt.

20. Still unaware of the exact nature of the subject debt, Plaintiff attended the scheduled court hearing and in spite of informing the judge that she never received any verification of the subject debt, Plaintiff was told that the judgment was eligible to be exercised.

21. To date, Plaintiff has yet to be provided with any proof of the subject debt, despite her multiple requests that it do so.

22. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights.

23. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendants' conduct.

24. Plaintiff has suffered concrete harm due to Defendants' conduct, including but not limited to, aggravation, time and money spent to attend the state court hearing, invasion of privacy, and emotional distress.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>
(AGAINST DEFENDANTS)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business.

29. Furthermore, Palisades identifies itself as a third-party debt collector and has been a member of the ACA, an association of debt collectors, since 2000.[2] Levy is also a self-proclaimed debt collector and regularly engages in collection efforts at the direction of its clients.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendants violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) when they employed deceptive and false means to attempt to collect upon the subject debt. Plaintiff specifically asked Levy to send her proof of the subject debt, and was promised that verification would be mailed to her within 10 days. Defendants were well aware of Plaintiff's address, but purposefully neglected to heed to Plaintiff's requests. After the 10 days elapsed, Plaintiff contacted Levy once again to ask for validation of the subject debt, and rather than send Plaintiff proof of the subject debt, Defendants deceptively advised Plaintiff to inform the judge accordingly.

   b. **Violations of FDCPA § 1692f**

---

[2] http://www.acainternational.org/search#memberdirectory

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendants violated 15 U.S.C. §1692f when they unfairly promised to send Plaintiff proof and verification of the subject debt, but yet, failed to honor Plaintiff's reasonable request. Defendants even informed Plaintiff that she would receive validation within ten days, but in spite of these assurances, Defendants neglected to apprise Plaintiff of her rights and the subject debt.

    c.  **Violations of FDCPA § 1692g**

36. The FDCPA, pursuant to 15 U.S.C. §1692g(a), mandates that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

37. Defendants violated §1692g by entirely failing to provide validation of the subject debt. Upon information and belief, Defendants disingenuously failed to provide validation in an attempt to force Plaintiff to pay upon a debt that he does not recognize.

WHEREFORE, Plaintiff, DYLAN F. STANTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 30, 2019                                          Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                       *Counsel for Plaintiff*
Admitted in the Southern District of Indiana                  Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com